August 12, 2025


TO:    Clerk of Court
       District Court of Eastern Pennsylvania
       601 Market Street #2609
       Philadelphia, PA 19106

From:  John L. Twyman
       P.O. Box 1851
       Horsham, PA 19044
       RE: Twyman v. Jefferson Health and Jefferson Abington Hospital
       Civil Action No. **2:25-cv-_____**


TO THE CLERK OF COURT:

      Please find the enclosed Civil Complaint, Cover Sheet, and courtesy copy for the

assigned Judge.

      Thank you for your attention to this matter.


                        Sincerely,


                        John Twyman, Plaintiff
                        P.O. Box 1851
                        Horsham, PA 19044
                        Tele # 215-669-0553
                        August 12, 2025

JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

John L. Twyman

## DEFENDANTS

Jefferson Health, Jefferson Abington Hospital

**(b)** County of Residence of First Listed Plaintiff __Montgomery__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __Montgomery__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

None - Pro Se Litigant

Attorneys *(If Known)*

Unknown at this time.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 USC SS 1331, USC SS 1391(a)(1) and (b)(1), 42 USC SS 1983 and 1988, 42 USC SS 12101, et seq, 28 CFR Part 36; PHRA Act of 1955

Brief description of cause:
Violation of the ADA and State PHRA for discrimination due to disability due to lack of public accommodation at Hospital.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
100,000+

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE _____    DOCKET NUMBER _____

DATE

August 12, 2025

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN L. TWYMAN**<br>*Plaintiff*<br><br>v.<br><br><br>**JEFFERSON ABINGTON HOSPITAL,**<br>**JEFFERSON HEALTH**<br><br>*Defendants* | NO._____ |

## CIVIL COMPLAINT

### I.    INTRODUCTION

1.    **Now Comes**, Plaintiff John L. Twyman ("Plaintiff"), on the 12th day of August 2025, hereby files this civil action alleging that the above-named defendants discriminated against him due to his disability and violated his civil rights under **Section 1983 of the United States Constitution, Title III of the Americans with Disabilities Act (ADA)** and **The Pennsylvania Human Relations Act of 1955 (PHRA)**

2.    Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law … ."

3.    42 U.S.C. § 1988 authorizes courts to award reasonable attorney's fees to prevailing parties in civil rights litigation. Federal Courts have recognized that the purpose of this statute is to ensure effective access to the judicial process for civil rights plaintiffs…

1

4.      Further, a trio of U.S. Supreme Court and Third Circuit decisions also establish

that a Plaintiff may invoke the **Civil Rights Act of 1871, the Ku Klux Klan Act, 42 U.S.C. §**

**1983**, against an otherwise private actor if that person invokes state procedures and uses the

power of the state to deprive a Plaintiff of his or her constitutional rights.

5.      On July 26, 1990, President George H.W. Bush signed into law the ADA, a

comprehensive civil rights law prohibiting discrimination on the basis of disability. The ADA

broadly protects the rights of individuals with disabilities in employment, access to State and

local government services, places of public accommodation, transportation, and other important

areas of American life.

6.      Title III, of the ADA prohibits discrimination on the basis of disability in the

activities of places of public accommodation (businesses that are generally open to the public

and that fall into one of 12 categories listed in the ADA, such as restaurants, movie theaters,

schools, day care facilities, recreation facilities, and doctors' offices) and requires newly

constructed or altered places of public accommodation—as well as commercial facilities

(privately owned, nonresidential facilities such as factories, warehouses, or office buildings)—to

comply with the ADA Standards. 42 U.S.C. 12181–89.

7.      The Pennsylvania Human Relations Act was enacted on October 27, 1955

prohibits certain practices of discrimination because of race, color, religious creed, ancestry, age

or national origin by employers, employment agencies, labor organizations and others as herein

defined; creating the Pennsylvania Human Relations Commission in the Governor's Office;

defining its functions, powers and duties; providing for procedure and enforcement; providing

for formulation of an educational program to prevent prejudice; providing for judicial review and

enforcement and imposing penalties.

2

8.    Plaintiff John L. Twyman, is a permanently disabled resident of Montgomery County Pennsylvania, and suffers from end-stage osteoarthritis and chronic joint pain which inhibits his mobility and ability to walk. He carries an official handicapped placard and identification card issued by the Commonwealth of Pennsylvania Department of Motor Vehicles.

 

9.    Mr. Twyman affirms he has limited mobility and is required to use his handicapped placard to access designated handicapped parking in public and private entities.

10.    Mr. Twyman affirms that on July 21, 202, he was denied reasonable accommodation and access to Jefferson Abington Hospital's Pennock Emergency Trauma Center due to his disability when attempting to check on a close relative who had been brought into the emergency room by ambulance due to a serious medical condition.

11.    Mr. Twyman asserts Defendant Jefferson Abington Hospital claims that it is wheelchair accessible and offers public transportation options and shuttle service.

12.    Mr. Twyman asserts Defendant Jefferson Health's claim that Thomas Jefferson University Hospital System and its controlled affiliates is dedicated to maintaining excellence

and integrity in all aspects of its operations and its professional and business conduct. Accordingly, Thomas Jefferson University Hospitals is committed to conformance with high ethical standards and compliance with all governing laws and regulations.

13.     Mr. Twyman asserts that despite these public claims, he was denied access to Jefferson Abington Health Pennock Emergency Center even after he identified himself to hospital staff as being disabled, and unable to use the Faulkner Parking Garage to walk the distance of from Horace Avenue to the other side of the hospital to enter the Pennock Emergency Trauma Center.

14.     Mr. Twyman affirms that the following is what he saw upon exiting the Jefferson Abington Hospital Faulkner Parking Garage, and what hospital employees advised him that he would have to walk in order to gain access to the Pennock Emergency Center to be with his close relative:



*(Picture of actual distance between Faulkner Parking and the Pennock Emergency)*

15.     Mr. Twyman affirms that on-duty staff at Jefferson Abington Hospital made no attempt to accommodate him based on his disability and instead dismissed his concerns about

4

being able to park at a reasonable distance so he could gain access to Pennock Emergency Center where his close relative had been transported for immediate medical treatment.

16.     Mr. Twyman affirms that Jefferson Abington Hospital provided no valet parking or shuttle service from the Faulkner Parking Garage to the Pennock Emergency Trauma Center.

17.     Mr. Twyman affirms that he could not walk the distance from the Faulkner Parking Garage to the Pennock Emergency Trauma Center due to his disability; and thus, had to remain in his vehicle he was parked outside of the Widener Building Entrance – a block away on Horace Avenue.

18.     Mr. Twyman affirms that at no time – *for nearly three hours* – did Jefferson Abington Hospital staff employees or Office of Patient Advocacy make any reasonable attempt to accommodate him so he could access the Pennock Emergency Trauma Center as his relative was receiving immediate medical treatment.

19.     Mr. Twyman affirms that only after several hours at approximately 4:10 PM did hospital staff provide authorization for him to park at the Pennock Emergency Trauma Center when his relative was waiting to be discharged.

20.     Mr. Twyman asserts that he should have been afforded the same rights as persons without a disability to enter the Pennock Emergency Trauma Center.

21.     Mr. Twyman asserts that on July 21, 2025, Defendants Jefferson Health and its affiliate hospital Jefferson Abington Health openly discriminated against him due to his disability and violated his civil acts under both federal and state laws.

22.     Mr. Twyman affirms that on July 30, 2025, he served upon both Defendants Jefferson Health and Jefferson Abington Hospital via USPS First Class Certified Mail, a litigation hold notice to preserve all relevant evidence including video surveillance and footage

of Pennock Emergency Trauma Center and the Faulkner Parking Garage for anticipation of

litigation *(See Exhibit A – Plaintiff's Litigation Hold Notice to Defendants and Exhibit B –*

*Email Response from Lisa Kirby, Risk Manager for Jefferson Abington Health.)*



*(Proof of Service for Litigation Hold served upon Defendants)*

## II.    PARTIES

23.    Plaintiff John L. Twyman is a resident of Montgonery County, Pennsylvania and

located at the following address: P.O Box 1851, Horsham 19044 in the County of Montgomery.

24.    Defendants in this action are Jefferson Health and Jefferson Abington Hospital

(Defendants).

25.    Defendant Jefferson Health is a healthcare system conducting business within the

Commonwealth of Pennsylvania and neighboring counties therein, and Office of Legal Affairs

located at 1100 Market Street, Suite 2400, Jefferson Tower, Philadelphia, Pennsylvania 19107, in

Philadelphia County, within the Commonwealth of Pennsylvania.

26.    Defendant Jefferson Abington Hospital, is part of the Jefferson Health System, conducting business as a hospital which is located at 1200 Old York Road, Abington, Pennsylvania 19044, in Montgomery County, within the Commonwealth of Pennsylvania.

27.    Plaintiff avers that this Honorable Court has jurisdiction over Plaintiff's claims and each named defendant.

## III.    JURISDICTION AND VENUE

28.    The jurisdiction of this Court is invoked pursuant to **28 U.S.C. § 1331, 28 U.S.C. § 1391(a)(1) and (b)(1), 5 U.S.C. § 702**.

29.    The cause of action arises under **42 U.S.C. § 1983**, **42 U.S.C. §§ 1983 and 1988**, Title III of the Americans with Disabilities Act ("ADA") **42 U.S.C. § 12101, *et seq.*, 28 CFR Part 36**, and The Pennsylvania Human Relations Act of 1955 **(43 P.S. §§955(h)(1)-(11).**

30.    This Court also has jurisdiction pursuant to **28 U.S.C. § 1367** which provides for supplemental jurisdiction over state law claims that are so related to the federal ones that they form part of the same case or controversy.

## IV.    FACTURAL ALLEGATIONS LEADING TO THIS CIVIL ACTION:

31.    On July 21, 2025, approximately 1:30 PM, Mr. Twyman arrives at Jefferson Abington Hospital Pennock Emergency Center after a relative was taken to the emergency room via ambulance for immediate medical treatment.

32.    Mr. Twyman affirms that upon arriving at the Pennock Emergency Center, he parks in a parking space marked "Emergency Room Parking."

33.    Mr. Twyman affirms that there was no visible designated handicapped parking outside the entrance Pennock Emergency Trauma Center or around its perimeter.

 



*(Outside parking of Jefferson Abington Hospital Pennock Emergency Center)*

34.    Mr. Twyman affirms that after parking, he begins to exit his car, when a Jefferson Abington Hospital employee advises him that he could not park in the designated parking and that he would have to go to the other side of the hospital to park.

35.    Mr. Twyman affirms that at approximately 1:45 PM, after seeing no designated handicapped parking that he enters the Faulkner Parking Garage to find a parking space.

36.    Mr. Twyman asserts that Faulkner Parking Garage is approximately one-fifth of a mile from the Pennock Emergency Center Entrance.

37.    Mr. Twyman affirms that he parks in a handicapped-designated parking space on the second floor of the Faulkner Parking Garage.

 



*(Faulkner Parking Garage and Distance Between Garage and Pennock Emergency Center)*

38.    Mr. Twyman affirms that he exits his vehicle, walks to the exit door, and views the distance between the garage and the emergency room center.

39.    Mr. Twyman affirms that the Pennock Emergency Trauma Center was *not* visible from the Faulkner Parking Garage exit.

9



*(Mr. Twyman's Faulkner Parking Garage Ticket)*

40.    Mr. Twyman asserts that due to his disability (i.e., balance issues and inability to walk far distances), he retrieves his mobility from his vehicle and attempts to walk to the Pennock Emergency Center.

41.    Mr. Twyman affirms that after determining the distance to be too far for him to navigate on foot, he decides to leave Faulkner Parking Garage to find parking closer to Pennock Emergency Trauma Center.

42.    Mr. Twyman affirms that as he is leaving the Faulkner Parking Garage, he speaks to the parking attendant – an older gentlemen – who advises he that he should be able to get valet parking service at Pennock Emergency Trauma Center.

43.    Mr. Twyman affirms that at approximately 2:00 PM, he returns to the Pennock Emergency Trauma Center and parks in a parking space designated for the emergency room.

44.    Mr. Twyman affirms that he enters through the emergency room entrance and is stopped by a Jefferson Abington Hospital female employee.

45.    Mr. Twyman affirms that the employee working at the parking desk near the entrance of the emergency center advises that he could not park in the space, and valet parking

10

was not available. When Mr. Twyman explains that he is physically disabled and could walk from the parking garage back to the emergency room entrance, she dismisses his concern.

46.     Mr. Twyman affirms that at approximately 2:00 PM, not being able to text his relative being treated, he calls the emergency room desk to speak to a nurse who could get a message to his relative that he is trying to find parking.

47.     Mr. Twyman affirms that when he speaks to the nurse, he confirms that his relative is presently being seen by staff, and that he should be able to use valet parking.

48.     Mr. Twyman affirms that, *for a third time*, he drives back to Pennock Emergency Center to park. This time, the first Jefferson Abington Hospital employee again meets him at his vehicle.

49.     Mr. Twyman affirms that after asking the employee about valet parking, he is advised that valet parking is only available for patients being treated in the emergency room, or people who bring someone to the emergency room for treatment.

50.     Mr. Twyman affirms that when he tries to explain that an emergency room nurse advised that valet parking was available, the employee tells him: *"Bro, you can't park here"* before walking away.

51.     Mr. Twyman affirms that he leaves Pennock Emergency Center and parks  on Highland Avenue in front of the Widener Building entrance– which is completely on the opposite side of the hospital.

52.     Mr. Twyman affirms that at approximately 2:20 PM, he contacts the Jefferson Abington Hospital Patient Advocate to report the multiple interactions with hospital staff.

53.     Mr. Twyman affirms that he speaks to Ellie (LNU), in the Office of Patient Advocacy.

11

54.    Mr. Twyman affirms he called the Jefferson Abington Hospital Office of Patient Advocacy for assistance in access the Pennock Emergency Center.

55.    Mr. Twyman affirms that he becomes very concerned about not being able to access the Pennock Emergency Center to be with his relative or check on her condition.



*(Mr. Twyman's Call log from July 21, 2025)*

56.    Mr. Twyman affirms that he provides Ellie with a complete explanation of events and that he has been trying to reach his relative who was being treated in the emergency room.

57.    Mr. Twyman affirms that Ellie advises that she is not going to give his relative any messages, but she will advise a superior about his complaint.

58.    Mr. Twyman affirms that Ellie never calls him back to address his complaint.

59.    Mr. Twyman affirms that he remains parked in front of Widener Building and sends text messages to his relative to verify her condition.



*(Horace Avenue Parking – Widener Building)*

60.     Mr. Twyman affirms that at approximately 4:10 PM, he receives a text message from his relative advising Cory (LNU) from Jefferson Abington Hospital Office of Advocacy advised her of his (Twyman's) call to Elie, Patient Advocate.

61.     Mr. Twyman affirms that Cory advises his relative to return to the Pennock Emergency Trauma Center entrance and remain there under his instruction until the relative exits the emergency center.

62.     Mr. Twyman affirms that he still had not been able to enter the Pennock Emergency Trauma Center to support his relative.

63.     Mr. Twyman affirms that he remains outside the hospital for over three hours without seeing his relative until she exits Pennock Emergency Center at approximately 4:50 PM.

64.     Mr. Twyman affirms that *at no time* during the three hours did any member of Jefferson Abington Hospital provide him a remedy to the parking situation during his relative's emergency room visit.

65.     Mr. Twyman affirms that there was no designated handicapped parking spaces at the Pennock Emergency Trauma Center for him to utilize on July 21, 2025, depriving him of his right to be with his relative while she was being treated in the emergency room.

66.     Mr. Twyman affirms that on July 21, 2025, he identified himself as disabled to several Jefferson Abington Hospital employees.

67.     Mr. Twyman, legally disabled and carrying proper state identification and a state-issued handicapped placard, affirms that ***at no time*** did ***any*** Jefferson Abington Hospital employee make any reasonable accommodation for him based on his disability, and their

13

inaction and lack of reasonable public accommodation discriminated against him due to his disability and violated his civil rights.

68.    Mr. Twyman  affirms that Jefferson Abington Hospital had no process and reasonable accommodation for him – *or any other legally disabled person* – to access Pennock Emergency Trauma Center unless they were a patient or driven someone else to be treated in the emergency room.

69.    Mr. Twyman asserts that, in the absence of designated handicapped parking, Defendants should have authorized his ability to utilize valet parking as he arrived at the hospital because his relative had been taken by ambulance for immediate medical treatment.

70.    Mr. Twyman asserts that Abington Jefferson Hospital – a division of Jefferson Health – willfully discriminated against him in violation of Section 1983, Title III of the American with Disabilities Act, and the Pennsylvania Human Relations Act.

71.    Mr. Twyman asserts that Defendants' actions and unwillingness to accommodate him due to his disability led to additional emotional distress to that of having a close family member being taken to the hospital by ambulance to receive immediate medical treatment.

72.    Mr. Twyman files this Complaint to seek redress and damages allowable by thus Court for Defendants' discriminatory acts and violations of his civil rights.

73.    Mr. Twyman also seeks relief from this Court, in the form of injunctive relief, so all areas of Jefferson Health and Jefferson Abington Hospital, and their affiliate hospitals, are accessible to any and all persons with disabilities.

**COUNT I –**
**(Violation of Title III of the Americans with Disabilities Act – Discrimination and Failure to Accommodate)**
**Plaintiff John L. Twyman v. Jefferson Health and Jefferson Abington Hospital**

74. Plaintiff incorporates by reference all the allegations contained in Paragraphs No. 1-73, inclusive, as though fully set forth herein.

75. The Americans with Disabilities Act (ADA) is a landmark civil rights law in the United States that prohibits discrimination based on disability. It ensures equal opportunities for individuals with disabilities in various aspects of life, including employment, state and local government services, public accommodation, and transportation.

76. Under **42 U.S. Code § 12182** - Prohibition of discrimination by public accommodations: No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any

77. place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

78. **42 USC 12181 (F)(7)** defines a hospital and health care facilities as private entities considered public accommodations for the purposes of the Subchapter III of Chapter 126 – *Equal Opportunities for People with Disabilities*.

79. Mr. Twyman affirms, and **42 USC 12181 (F)(7)** confirms that Jefferson Health and Jefferson Abington Health are private entities considered public accommodations for purposes of the Americans with Disabilities Act (ADA).

80. Mr. Twyman affirms that he is legally disabled, and his chronic medical condition meets the legal definition of **"disability"** as outlined under the guidelines of the Americans with Disabilities Act (ADA).

81. Mr. Twyman affirms that on July 21, 2025, he visited Jefferson Abington Health Pennock Emergency Trauma Center after a close relative had arrived via ambulance for immediate medical treatment.

15

82. Mr. Twyman affirms that there was no designated handicapped parking spaces in the Pennock Emergency Trauma Center for disabled visitors.

83. Mr. Twyman affirms that Jefferson Abington Hospital employees denied him use of valet parking or any other accommodation that would have allowed him to enter the Pennock Emergency Trauma Center as any other person without a disability.

84. Mr. Twyman affirms that despite his advising Jefferson Abington Memorial employees that he was disabled, there were no reasonable accommodations made so he could be with his relative while she was being treated in the emergency room.

85. Mr. Twyman affirms that Jefferson Abington Hospital did not provide him with valet parking or shuttle service from the designated parking area at the entrance of Pennock Emergency Trauma Center or Faulkner Parking Garage where Mr. Twyman was told to park.

86. Mr. Twyman affirms that after he parked in the Faulkner Parking Garage, the distance was too great for him to navigate on foot – *even with a mobility cane* – to the Pennock Emergency Trauma Center.

87. Mr. Twyman affirms that he made multiple attempts to resolve this matter with Jefferson Abington Hospital staff so he could access the Pennock Emergency Trauma Center in order to access the facility on July 21, 2025.

88. Mr. Twyman affirms that Jefferson Health and Jefferson Abington Hospital's lack of reasonable accommodation for disabled visitors made it impossible for him to access Pennock Emergency Trauma Center by the lack of designated handicapped parking on July 21, 2025.

89. Mr. Twyman asserts the Defendants' lack of reasonable accommodation caused him great distress as he was unable to enter the Pennock Emergency Trauma Center due to the lack of public accommodations made available to him and other disabled persons.

90.    Mr. Twyman asserts that Jefferson Health and Jefferson Abington Hospital
discriminated against him due to his legal disability and violated his civil rights under Title III of
the American with Disabilities Act.

91.    Plaintiff avers that Defendants' actions have caused him irreparable harm for
which he seeks relief.

**COUNT II –**
**(Violation of The Pennsylvania Human Relations Act of 1955 – Discrimination and Failure**
**to Accommodate)**
**Plaintiff John L. Twyman v. Jefferson Health and Jefferson Abington Hospital**

92.    Plaintiff incorporates by reference all the allegations contained in Paragraphs No.
1-91, inclusive, as though fully set forth herein.

93.    The Pennsylvania Human Relations Act (PHRA) prohibits discrimination based
on disability in …public accommodation. The PHRA mirrors many aspects of the Americans
with Disabilities Act (ADA).

94.    The Pennsylvania Human Relations Act further protects individuals with
disabilities from discrimination in places open to the public.

95.    Mr. Twyman affirms that private entities such as Jefferson Health and Jefferson
Abington Health are open to the public and are required to provide reasonable public
accommodation as defined under the Pennsylvania Human Relations Act.

96.    Mr. Twyman affirms that Jefferson Health and Jefferson Abington Hospital
failed to provide reasonable accommodation so he could enter the Pennock Emergency Trauma
Center on July 21, 2025 where a close relative arrived by ambulance and receiving immediate
medical treatment.

97.     Mr. Twyman asserts that as he is legally disabled, and Defendants had a responsibility under Pennsylvania law to make certain he was provided reasonable accommodation to enter the Pennock Emergency Trauma Center on July 21, 2025.

98.     Mr. Twyman asserts that Defendants Jefferson Health and Jefferson Abington Health violated his rights under the Pennsylvania Human Relations Act which prohibits discrimination based on someone's disability.

99.     Mr. Twyman asserts that Defendants Jefferson Health and Jefferson Abington Hospital violated his rights under the Pennsylvania Human Relations Act and causing him harm and emotional distress for which he seeks relief.

<div align="center">

**COUNT III –**
**(Negligent Infliction of Emotional Distress Under Pennsylvania Law)**
**Plaintiff John L. Twyman v. Jefferson Health and Jefferson Abington Hospital**

</div>

100.    Plaintiff incorporates by reference all the allegations contained in Paragraphs No. 1-99, inclusive, as though fully set forth herein.

101.    Mr. Twyman asserts that Pennsylvania Common Law recognizes claims for Negligent Infliction of Emotion Distress.

102.    Mr. Twyman asserts that In Pennsylvania, Negligent Infliction of Emotional Distress (NIED) allows Plaintiffs to seek compensation for emotional distress resulting from a negligent act, even without a physical injury.

103.    Mr. Twyman asserts that under the Americans with Disabilities Act and the Pennsylvania Human Relations Act, private entities such as hospitals and health providers are considered public and required to provide reasonable accommodation for persons with disabilities.

104.    Mr. Twyman asserts that on July 21, 2025, having identified himself as disabled, Jefferson Health and Jefferson Abington Hospital had a responsibility under federal and state law to provide reasonable public accommodation so he could enter the Pennock Emergency Trauma Center to be closer to his relative as she received immediate medical treatment.

105.    Mr. Twyman asserts that he would have suffered possible harm or injury had he walked the distance between Jefferson Abington Hospital Faulkner Parking Garage to the entrance of the Pennock Emergency Trauma Center as shown below:



*(Distances from the Faulkner Parking Garage*
*and Pennock Emergency Trama Center from the view of both buildings)*



106.    Mr. Twyman asserts that he suffered emotional distress realizing that he would not be able to walk the distance from the Faulkner Parking Garage and Pennock Emergency Trauma Center, and his interactions with Jefferson Abington Hospital employees only added to his anxiety as he was not able to access the emergency center to verify the condition of his close relative.

107.    Mr. Twyman asserts he suffered emotional distress due to Defendants' discriminatory acts and now seeks relief.

## V.    PRAYER FOR RELIEF

### (Against Defendants Jefferson Health and Jefferson Abington Hospital)

108.    **WHEREFORE**, Defendants Jefferson Health and Jefferson Abington Hospital have caused Mr. Twyman significant harm and injury when they discriminated against him on July 21, 2025 by violating his civil rights under Section 1983 of the U.S. Constitution, the Americans with Disabilities Act, and the Pennsylvania Human Relations Act which denied him public access to Pennock Emergency Trauma Center.

109.    Mr. Twyman asserts, as outlined in this complaint, that Defendants Jefferson Health and Jefferson Abington Hospital failed to provide reasonable public accommodation as outlined by applicable federal and state law, and their acts violated his civil rights for which Mr. Twyman now seeks redress and relief in the following manner for their unlawful acts:

       a.  Economic and Non-Economic Damages

       b.  Emotional Distress

       c.  Punitive Damages

       d.  Applicable Interest

e.  Entering a declaratory judgment declaring Defendants' acts violated Mr.

Twyman's civil rights.

f.  Entering a judgment for compensatory damages, including but not limited to,

emotional distress, anxiety, humiliation, embarrassment.

g.  All other relief deemed by this Honorable Court to make Plaintiff whole.

h.  This controversy totals over $100,000 in damages.

Respectfully signed and submitted by,

John L. Twyman, Plaintiff
P.O. Box 1851
Horsham, PA 19044
Tele # 215-669-0553
August 12, 2025

## <u>VERIFICATION</u>

I, John L. Twyman, affirm the following under penalty of perjury that:

- The plaintiff has reviewed the complaint.

- The plaintiff knows or believes that all allegations that the plaintiff has personal knowledge of to be true.

- The plaintiff believes the allegations that the plaintiff does not have personal knowledge of to be true based on specified information, documents, or both.

Signed by,

John Twyman, Petitioner
P.O. Box 1851
Horsham, PA 19044
Tele # 215-669-0553
August 12, 2025

22

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN L. TWYMAN** | \| |
| *Plaintiff* | \| |
| | \| NO._____ |
| v. | \| |
| | \| |
| | \| |
| **JEFFERSON ABINGTON HOSPITAL,** | \| |
| **JEFFERSON HEALTH** | \| |
| | \| |
| *Defendants* | \| |

## CIVIL COMPLAINT

### CERTIFICATE OF SERVICE

I, John L. Twyman, certify that his Civil Complaint has been served the following

named defendants on _____ by _____ :

**Jefferson Health, 1101 Market Street, Jefferson Tower, Suite 2400, Philadelphia, PA 19107**

**Jefferson Abington Hospital, ATTN: Legal, 1200 Old York Road, Abington, PA 19001**


Signed by,


John Twyman, Petitioner
P.O. Box 1851
Horsham, PA 19044
Tele # 215-669-0553
August    , 2025

23

# EXHIBIT A

July 30, 2025

Office of Legal Affairs

1101 Market Street

Jefferson Tower, Suite 2400

Philadelphia, PA 19107

Jefferson Abington Hospital

ATTN: Legal Department

1200 Old York Road

Abington, PA 19001

**RE: Litigation Hold – Date of Incident: July 21, 2025**

   **BY USPS First Class Certified Mail#**_____

Dear Sir/Madam:

   This Notice is to inform you that you must retain and preserve certain materials, including videotape and/or surveillance evidence from Jefferson Abington Hospital, 1200 Old York Road, Abington, Pennsylvania Faulkner Parking Garage and Pennock Emergency Room parking lot and emergency visitor entrance, hard copy documents, telephone logs, communications, and electronically stored information (ESI) related to **July 21, 2025**, which may be relevant to potential litigation.

   This Notice relates to a potential action against Jefferson Health and Jefferson Abington Hospital related to John L. Twyman's visit to Jefferson Abington Hospital on July 21, 2025 between 1:00 PM and 5:00 PM. It is critical that Jefferson Health and Jefferson Abington Hospital retain relevant records and videotape surveillance from Faulkner Parking Garage and Pennock Emergency Center both to defend itself and to comply with its obligations under the court rules. This notice instructs Jefferson Health and Jefferson Abington Hospital to protect videotape surveillance from being lost **_or_** overridden by any and all current security mechanisms currently in use.

   As always, Mr. Twyman asks that you do not discuss this sensitive and confidential matter with anyone other than your staff, legal department, or Mr. Twyman directly. Additionally, Mr.

Twyman requests you to direct all legal inquiries in writing to P.O. Box 1851, Horsham, Pennsylvania 19044.

Until Mr. Twyman, or an authorized representative acting on his behalf, cancels this Notice in writing, Jefferson Health and Jefferson Abington Hospital must preserve all relevant evidence as outlined in this Notice – even if it otherwise would be your practice to discard, purge, archive, or otherwise override such items. The time period relevant to this matter is **Monday, July 21, 2025**. Thus, any documents or information used from this date, or any evidence related thereto is subject to this Notice.

## **INSTRUCTIONS**

*1. Please take steps to preserve all listed categories of documents and ESI and to suspend the routine destruction of such materials.*

*2. Please refrain from doing any work that has the potential to destroy potentially relevant documents, surveillance or security video, and ESI. In certain cases, it may be necessary to disable overwriting software for videotape or surveillance networks, automatic deletion functions, implement or alter regular archiving functions, save to the network, and ensure the preservation of back-up or archive materials.*

*3. If applicable, follow normal litigation hold policies and procedures which may include archiving videotape or surveillance, memos, telephone logs and notes, or e-mail archives to a new designated folder on your network drive.*

*4. Understand that IS may archive your e-mail going forward for purposes of this matter only and that there may be a short downtime when archiving begins. (IS will endeavor to minimize any user inconvenience.)*

*5. If you create documents that are relevant to this matter, please save major revisions as a new document or version so that prior drafts are preserved.*

*6. If you are uncertain as to whether a particular document or category of ESI should be preserved, please err on the side of preservation and do not destroy the document, surveillance and/or security video/footage, or ESI. Failure to preserve relevant information could result in significant penalties against Jefferson Health and Jefferson Abington Health.*

Thank you in advance for your cooperation in this matter. Should you have any additional questions, please contact Mr. Twyman, in writing, at the address listed in this Notice, or contact him at 215-669-0553.

Sincerely yours,

John L. Twyman
P.O. Box 1851
Horsham, PA 19044
Tele # 215-669-0553
Email:citizenjlt1965@gmail.com
July 30, 2025



# EXHIBIT B

 Gmail

JL Twyman <citizenjlt1965@gmail.com>

## RE: preservation request
1 message

**Lisa Kirby** <Lisa.Kirby@jefferson.edu>                    Mon, Aug 11, 2025 at 2:25 PM
To: JL Twyman <citizenjlt1965@gmail.com>

Great – thank you Mr. Twyman for that detail.  We will pull and preserve the video for you.



Lisa Kirby MSN RN CPHRM

Division Director Risk Management

Jefferson North

1200 Old York Road

Abington, PA  19001

215-481-2181

Fax:  215-481-4801

Lisa.Kirby@jefferson.edu

**Jefferson**
HOME OF SIDNEY KIMMEL MEDICAL COLLEGE

**From:** JL Twyman <citizenjlt1965@gmail.com>
**Sent:** Monday, August 11, 2025 2:19 PM
**To:** Lisa Kirby <Lisa.Kirby@jefferson.edu>; JL Twyman <citizenjlt1965@gmail.com>
**Subject:** Re: preservation request

WARNING:  **External Email -** This email originated outside of Jefferson.
**DO NOT CLICK** links or attachments unless you recognize the sender and *are expecting* the email.
Click the "Report Message" button on your Outlook toolbar to alert IS&T.

Hi Ms. Kirbty,

Thank you for your response. I arrived at the Pennock Emergency Center on July 21, 2025 between 1:30 - 1:40 PM. I was driving the 2017 Blue Nissan Maxima with the license plate NYG NYM. Next, around 1;45 PM, I entered the Faulkner Parking Garage and parked on the Second Floor (handicapped parking). I got out of the car to determine whether I could walk from there to Pennock. I exited the parking garage about 1:50, went back to the Pennock Emergency Center two additional times, before parking in front of the Widener Building until approximately 4:20 PM. I returned to the emergency center to pick up my relative about 4:30 PM, and left the hospital approximately 5:00 PM. I hope this helps. My complaint details my interactions with hospital staff throughout the day.

Thank you and please contact me if you need any further information.

Thank you,

John

On Mon, Aug 11, 2025 at 8:23 AM Lisa Kirby <Lisa.Kirby@jefferson.edu> wrote:

> OK, thank you for clarifying – that's helpful.
>
> So hopefully we can capture your arrival through entrance to the ETC.
>
> Can you let me know some identifiers – from a description of the car / vehicle you arrived, approximate time of arrival to Faulkner garage – and anything that would identify you – wheelchair/ walker/ cane – so we can capture your path.
>
> Thank you!
>
> *Lisa*
>
> **Lisa Kirby MSN RN CPHRM**
>
> **Division Director Risk Management**
>
> **Jefferson North**
>
> 1200 Old York Road
>
> Abington, PA  19001
>
> **215-481-2181**
>
> **Fax:  215-481-4801**
>
> Lisa.Kirby@jefferson.edu



**From:** JL Twyman <citizenjlt1965@gmail.com>
**Sent:** Sunday, August 10, 2025 1:47 PM
**To:** Lisa Kirby <Lisa.Kirby@jefferson.edu>; JL Twyman <citizenjlt1965@gmail.com>
**Subject:** Re: preservation request

<div style="border:1px solid black; padding:4px;">

WARNING:  **External Email -** This email originated outside of Jefferson.
**<u>DO NOT CLICK</u>** links or attachments unless you recognize the sender and *are expecting* the email.
Click the "Report Message" button on your Outlook toolbar to alert IS&T.

</div>

Good Afternoon, Ms. Kirby:

I apologize for the delay in responding.

On July 30, 2025, I served the litigation hold notice to Jefferson Health and Jefferson Abington Hospital regarding events occuring on July 21, 2025, when a relative was taken by ambulance to the Pennock Emergency Trauma Center for immediate medical treatment. My complaint stems from the facility not providing an accommodation so I could access the emergency center. I am legally disabled and spoke to several hospital employees, yet no one was able to assist me with parking in an area that provided the opportunity to access the Pennock Emergency Trauma Center.

I believe Jefferson Health and Jefferson Abington Hospital had a responsibility to provide reasonable accommodation so I could be with my relative while she was being treated. During my conversions with hospital employees, I identified myself as being disabled and needing assistance with accessing the emergency room. I am pursuing legal action against the hospital system, and the civil complaint will be filed shortly.

I am available to discuss any other questions you may have regarding the incident. I appreciate your time in this matter.

Sincerely,

John Twyman

On Wed, Aug 6, 2025 at 4:56 PM Lisa Kirby <Lisa.Kirby@jefferson.edu> wrote:

Great – thank you.



Lisa Kirby MSN RN CPHRM

Division Director Risk Management

Jefferson North

1200 Old York Road

Abington, PA  19001

215-481-2181

Fax:  215-481-4801

Lisa.Kirby@jefferson.edu



HOME OF SIDNEY KIMMEL MEDICAL COLLEGE

---

**From:** JL Twyman <citizenjlt1965@gmail.com>
**Sent:** Wednesday, August 6, 2025 4:36 PM
**To:** Lisa Kirby <Lisa.Kirby@jefferson.edu>
**Subject:** Re: preservation request

---

WARNING:  **External Email -** This email originated outside of Jefferson.
**DO NOT CLICK** links or attachments unless you recognize the sender and *are expecting* the email.
Click the "Report Message" button on your Outlook toolbar to alert IS&T.

---

Good Afternoon, Ms. Kirby:

Thank you for your response. I will prepare a synopsis of events for you to review and forward it by the end of the week.

Thank you,

John Twyman

On Wed, Aug 6, 2025 at 4:19 PM Lisa Kirby <Lisa.Kirby@jefferson.edu> wrote:

Mr. Twyman;

Following up on the below request.  Please respond as to the details needed so we can best assist you.

Thank you – please feel free to call if any additional questions.

*Lisa*

Lisa Kirby MSN RN CPHRM

Division Director Risk Management

Jefferson North

1200 Old York Road

Abington, PA  19001

215-481-2181

Fax:  215-481-4801

Lisa.Kirby@jefferson.edu



**From:** Lisa Kirby
**Sent:** Tuesday, August 5, 2025 11:06 AM
**To:** citizenjlt1965@gmail.com
**Subject:** preservation request

Good morning Mr. Twyman;

We are in receipt of your request for preservation of video of the Faulkner Garage and Pennock Emergency Room, however there is no indication as to the event that occurred, what we are looking to preserve, where exactly the event occurred, and a more narrow time period of what we are looking for on the video.

Please provide a more detailed description of the event (fall, car accident, medical emergency, etc) and where it occurred (inside the garage, what level, outside the garage, on the sidewalk, at an entrance or exit, in the ETC parking lot, etc).  We have many different cameras and angles and need more specific information so that we can assist you in capturing the event.

In addition to the location, please provide a more narrow time period as to when the event occurred so we can best identify your event.

Thank you for your assistance.

*Lisa*

Lisa Kirby MSN RN CPHRM

Division Director Risk Management

Jefferson North

1200 Old York Road

Abington, PA  19001

215-481-2181

Fax:  215-481-4801

Lisa.Kirby@jefferson.edu



Jefferson
HOME OF SIDNEY KIMMEL MEDICAL COLLEGE

The information contained in this transmission contains privileged and confidential information. It is intended only for the use of the person named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

CAUTION: Intended recipients should NOT use email communication for emergent or urgent health care matters.

PRESS FIRMLY TO SEAL

 
PAPER POUCH

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

**UNITED STATES** | **PRIORITY**®
**MAIL**

Retail

**US POSTAGE PAID**

**P**

$11.00

Origin: 19044
08/12/25
4137880044-25

**PRIORITY MAIL**®

0 Lb 15.30 Oz

**RDC 03**

**EXPECTED DELIVERY DAY:** 08/14/25

**C019**

SHIP
TO:
RM 2609
601 MARKET ST
PHILADELPHIA PA 19106-1732

**USPS TRACKING #**

9505 5158 7047 5224 8152 29

To schedule free package Pickup,
scan the QR code.



USPS.COM/PICKUP


PAPER POUCH

FSC MIX

PRIORITY MAIL FLAT RATE ENVELOPE



**UNITED STATES POSTAL SERVICE** | **PRIORITY MAIL**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Twymon
P.O. Box 1851
Horsham PA

RECEIVED
AUG 14 2025

TO: Clerk of Court
District Ct of Eastern PA
601 Market Street
#2609
Phila. PA 19106

Label 228, December 2023    FOR DOMESTIC AND INTERNATIONAL USE